USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 31 2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------x

ROSA ELBA VENTURA DE PAULINO, *individually and as p/n/g of R.P.*,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, ROBERT BRIGLIO, and NEW YORK STATE EDUCATION DEPARTMENT,

Defendants.

---------------------------------------x

MEMORANDUM DECISION AND ORDER

19 Civ. 222 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, as the mother of R.P, a 7-year-old boy who suffers from brain injury and other disabilities, brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1491o, and the New York Education Law §§ 4404, 4410 against Defendants New York City Department of Education ("NYCDOE"), New York State Department of Education ("NYSED"), and Impartial Hearing Officer ("IHO") Robert Briglio[1] (collectively, "Defendants"). (Compl., ECF No. 3, ¶¶ 32–35.) She sought a temporary restraining order and preliminary injunction declaring that R.P.'s pendency placement for the 2018–2019 school year lies at iBRAIN, and ordering immediate payment of iBRAIN tuition and costs. (*Id.*) She also seeks a judgment for equitable relief, damages, attorneys' fees, and costs, "as a result of the failure or delay in ordering that iBRAIN be deemed R.P.'s pendency placement." (*Id.*)

[1] IHO Briglio was dismissed from this action because he recused himself from Plaintiff's ongoing due process complaint with the state administrative review board. (Mem. Decision and Order ("OSC Decision"), ECF No. 54, n.1).

On January 16, 2019, Plaintiff filed an application for an order to show cause for a temporary restraining order and a preliminary injunction (1) to vacate IHO Briglio's Findings of Fact and Decision on Pendency dated November 22, 2018, which denied R.P's pendency placement under the IDEA at iBRAIN for the 2018–2019 school year, and (2) to declare that iBRAIN is R.P.s pendency placement for the 2018–2019 school year, and (3) to immediately award payment to iBRAIN for the cost of R.P.'s full tuition for the 2018–2019 school year. (Order to Show Cause for Prelim. Injunction and Temp. Restraining Order ("OSC Application"), ECF No. 14, at 1–2.) On March 20, 2019, this Court denied Plaintiff's OSC Application. (OSC Decision.)[2] Plaintiff moved this Court on April 3, 2019 to reconsider its OSC Decision. This Court denied Plaintiff's motion for reconsideration on May 31, 2019. (Mem. Decision and Order ("Reconsideration Decision"), ECF No. 87.)

NYSED and NYCDOE move to dismiss Plaintiff's complaint for failure to state claim under Federal Rule of Civil Procedure 12(b)(6).[3] (Notice of Mot. to Dismiss the Compl., ECF No. 17; Notice of Mot. and Req. for Oral Arg., ECF No. 60.) The motions to dismiss are GRANTED.

## I. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[2] The relevant procedural and factual background is set forth in the OSC Decision and incorporated by reference herein.

[3] NYSED also moves to dismiss Plaintiff's complaint for insufficient process under Federal Rule of Civil Procedure 12(b)(5). Because this Court grants Defendants' 12(b)(6) motions to dismiss for failure to state a claim, NYSED's motion to dismiss for insufficient service is moot.

556 U.S. 662, 678 (2009) (citation omitted). While "the plausibility standard is not akin to a probability requirement," *id.* (internal quotation marks omitted), the plaintiff must "nudge[ ] [her] claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

A court must take "factual allegations [in the complaint] to be true and draw [ ] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). Legal conclusions, conversely, do not benefit from a presumption of truth. *See Iqbal*, 556 U.S. at 678.

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909, 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding a 12(b)(6) motion, the court also draws all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## II. PLAINTIFF'S CLAIMS ARE DISMISSED

The pertinent facts of this case are not in dispute. Defendant NYCDOE argues that Plaintiff's complaint fails to state a claim upon which relief may be granted because this Court already determined, as a matter of law, that Plaintiff "is not entitled to the preliminary injunction and declaration that she seeks in her complaint." (Mem. of Law in Supp. of Def. N.Y. City Dept. of Educ.'s Mot. to Dismiss the Compl., ("NYCDOE's Mem."), ECF No. 61 at 3.) Indeed, Plaintiff's complaint seeks the exact same injunctive relief that she sought in her OSC Application, namely "that iBRAIN be deemed R.P.'s pendency placement." (*See* Compl. ¶ 35.) This Court

already decided that, as a matter of law, R.P.'s pendency placement for the 2018–2019 school year lies at iHOPE, not iBRAIN. (*See* OSC Decision at 11–14.) Therefore, Plaintiff fails to state a claim for relief because, as a matter of law, she is not entitled to the relief she seeks from the Defendants in her complaint. (Reconsideration Decision at 4 (citing *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 484–485 (2002))("The Second Circuit has unequivocally held that, when a parent challenges the adequacy of a school district's proposed placement (in this case P.S. 92), the proper pendency placement for the child is the private school that was deemed appropriate by the Independent Hearing Officer ("IHO") in a *prior* academic year (in this case iHOPE).").)[4]

[4] NYSED also argues that it is not a proper party to this case because "Plaintiff's issue is with NYCDOE, not with [NYSED]; relief, if warranted, would be provided by NYCDOE, not [NYSED]." (Mem. of Law in Supp. of the State Educ. Dept.'s Mot. to Dismiss the Compl. ("NYSED's Mem."), ECF No. 19, at 8.) As an initial matter, this Court has already determined that Plaintiff's complaint fails to state a cause of action against *any* defendant. Furthermore, NYSED is correct that "[a]s numerous cases have held, New York State, its agencies, and officers are not proper defendants in an action, such as this one, seeking judicial review of an administrative decision under the IDEA." (NYSED's Mem. at 8 (citing *Y.D. v. N.Y.C. Dept. of Educ.*, No. 14 Civ. 1137 (LTS), 2016 WL 698139 at*5 (S.D.N.Y. Feb. 9, 2016) ("[T]he IDEA only authorizes a right of action with respect to a local educational authority's alleged failure to provide a prospective plaintiff with a FAPE. The SED is not a participant in the IEP process; it is merely a reviewer. . . . Courts have therefore consistently held that the IDEA's private right of action does not authorize claims against State agencies that are rooted in the State's general supervisory role under the IDEA.").)

## III. CONCLUSION

Both Defendants' 12(b)(6) motions to dismiss the complaint for failure to state a claim, ECF Nos. 17 and 60, are GRANTED.

The Clerk of Court is instructed to close the motions accordingly.

Dated: New York, New York
May 31, 2019

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge